UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES,<br><br>                     Plaintiff,<br><br>    v.<br><br>SEATTLE POLICE DEPARTMENT, et al,<br><br>                     Defendants. | CASE NO. 2:23-cv-01423 JLR<br><br>**REPORT AND RECOMMENDATION** |

       On September 12, 2023, *Pro se* Plaintiff, Cortez D. Jones, submitted to the Court a complaint against Defendants Seattle Police Department, Kathleen O'Toole, Lisa O'Toole, and Sara Nelson. Dkt. 1. Plaintiff alleges "Racketeering, Robbery connected to guns, drugs, & child abduction w/ Mexico"; "O'Toole Family had been spotted stopping Cortez Jones from contacting 911 & meeting up with kids members"; and "Seattle Police Robbery Busted would be Justice." Plaintiff also seeks to proceed *in forma pauperis* (IFP). *Id.*

       Under 28 U.S.C. § 1915(e), the Court must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also id*. § 1915A(b)(1). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

REPORT AND RECOMMENDATION - 1

Plaintiff alleges the Court has jurisdiction because his complaint raises a "federal question" and there is "Diversity of Citizenship." The named Defendants appear to reside in the Seattle area and diversity jurisdiction is thus lacking. The Court proceeds on the assumption Plaintiff is alleging a violation of his federal rights, and therefore construes the complaint as brought under 42 U.S.C. § 1983.

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named Defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, Plaintiff must allege a Defendant's own conduct violated his civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

The Court has reviewed Plaintiff's complaint and recommends the IFP application be **DENIED,** and the matter be **DISMISSED** without prejudice for the following reasons.

First the complaint fails to set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels and conclusions, lacking factual enhancement are insufficient. *Id.* The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint lists names of potential Defendants but fails to provide any facts regarding the acts they allegedly committed that Plaintiff contends violated his rights. At best the

1 complaint alleges Defendant O'Toole was spotted stopping Plaintiff from making a 911 call but
2 this hazy allegation does not set forth a claim upon which relief may be granted.

3     Second, the IFP statute accords Judges not only the authority to dismiss a claim based on
4 an indisputably meritless legal theory but also the power to dismiss claims whose factual
5 contentions are clearly baseless, including allegations that are fanciful, fantastic, and delusional.
6 *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Here, the complaint alleges in a disjointed
7 way Racketeering, robbery, drugs, and child abduction involving Mexico. These are fantastical
8 allegations that should be dismissed.

9     Third, the present complaint is duplicative of other complaints Plaintiff has filed. *See e.g.,*
10 *Jones v. Harrell*, 23-1153-RSM (Suing City of Seattle, Seattle Police and Seattle City Hall-Order
11 Denying IFP issued 8/21/23); *Jones v. Nelson, et al.,* 23-1232 (Suing Seattle City Council
12 including Sara Nelson for discrimination, robbery, racketeering, corrupt organization. Order
13 denying IFP application entered on 8/3/23); and *Jones v. Seattle City Hall et al.,* 23-1301-RAJ
14 (Suing "Seattle City Hall" and alleging Defendants have robbed Plaintiff; and claiming Seattle
15 Police Headquarters, Seattle Police, and Adrian Diaz committed "robbery leading into murder"
16 and "discrimination." Order of dismissal entered on 8/29/23).

17     Courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is
18 duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g.,*
19 *McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983
20 complaint as frivolous where it duplicated a prior federal lawsuit); *Pittman v. Moore*, 980 F.2d
21 994, 994–95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre–PLRA
22 version of 28 U.S.C. § 1915(e)); *Murillo v. Taylor*, 2015 WL4488060, at *15–16 (S.D. Cal. July
23 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as

REPORT AND RECOMMENDATION - 3

frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.").

And lastly, the complaint names Kathleen O'Toole who the Court assumes is the former Seattle Police Chief. Chief O'Toole's tenure as Police Chief ended in 2018. Any allegation against her for her actions as the Police Chief is barred by the statute of limitations applicable to § 1983 actions. The Court applies the applicable state statute of limitations for the jurisdiction in which a § 1983 claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*. Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979). Here, Plaintiff's claims against Defendant O'Toole fall outside of the statute of limitations. Additionally, the complaint lumps together the actions of all of the Defendants; the complaint does not allege Defendants acted separately or at different time periods. Thus, just as the allegations against Defendant O'Toole are barred by the statute of limitations, because they occurred before 2018 when she was still Chief of Police, so are the allegations against the other Defendants.

REPORT AND RECOMMENDATION - 4

For the foregoing reasons the Court recommends Plaintiff's IFP application be DENIED, and the complaint be DISMISSED without prejudice.

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 10, 2023.** The Clerk shall note the matter for **October 13, 2023.** as ready for the District Judge's. The failure to timely object may affect the right to appeal.

DATED this 26th day of September, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5